## FRANCESO LINDDO, PETITIONER, v. AMERICAN SMELTING AND REFINING COMPANY, RESPONDENT.

**Injury to Eye—Treated and Compensated—Complainant Also Alleged at Same Time, Injury to Chest was not Treated for it, and Did Not Report it Either to Defendant or to Doctor— Testimony Not Sufficiently Definite to Sustain Judgment.**

For the petitioner, *Jacob S. Karkus.*

For the respondent, *John E. Toolan.*

\*         \*         \*         \*         \*         \*         \*

The petitioner herein, on January 27th, 1926, was employed by the respondent, and while so employed and in the course of his said employment, and arising out of his said employment petitioner received and sustained injury by being struck by a bar or bars projecting from a car being operated over a narrow-gauge railway, and as a result of being so struck sustained a laceration about three-fourths of an inch long under the left eye, requiring several sutures and a contusion or scraping of the skin, extending from a point in the neck below the right ear along the right side of the face. Petitioner himself testified that he was squeezed between the car and a pillar or some other firm object and also sustained an injury to his chest from which he claimed he was suffering from the date of the injury up to about the date of the hearing. No claim was made for permanent injury, but only for temporary disability from January 27th, 1926, to April 9th, 1926. No medical testimony was offered to support or sustain petitioner's claim of the nature or extent of his injury. It appeared from the petitioner's own testimony, and also from the testimony of the respondent's witnesses, that petitioner returned to work on February 11th, 1926,

and worked continuously from said date to March 23d, 1926. Dr. Ramsay, for the respondent, testified that the petitioner complained of no injuries other than the laceration and contusion above mentioned, and that the petitioner never mentioned to him on the several occasions when Dr. Ramsay attended the petitioner that there was any injury to his chest as now claimed by the petitioner. Dr. Ramsay reported the petitioner as being sufficiently recovered to return to work on February 4th, 1926. Petitioner himself testified that he never disclosed, either to Dr. Ramsay or any other person in authority in the plant of the respondent company, that he sustained any injury to his chest. It was admitted that petitioner has already been paid compensation in the amount of sixteen dollars and seventy-one cents ($16.71).

The petitioner did not support or sustain the burden of proof. There was no medical testimony whatsoever to sustain petitioner's claim that his temporary disability extended from January 27th, 1926, to April 9th, 1926. In fact, the petitioner's testimony was not sufficiently definite to permit of any finding by this court of the nature and extent of his disability or to justify a finding that he was disabled beyond the period for which he has already been compensated.

\* \* \* \* \* \* \*

HARRY J. GOAS,
*Deputy Commissioner.*